# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

IN RE MESA AIRLINES, INC.,
SECURITIES LITIGATION         Master File No. 94-690 JC/WWD

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon plaintiffs' Motion to Compel Further Production of Documents by Defendant KPMG Peat Marwick LLP ["Peat Marwick"], filed October 22, 1997 [248-1].  The motion packet was filed under seal.  Because I refer to the disputed request for production by its item number, I see no need to seal this Memorandum Opinion and Order.  Plaintiffs seek information as described in Request No. 4 of plaintiffs' Second Request for Production of Documents to Peat Marwick.  Following my Order of October 27, 1997 [#256], parties submitted supplemental briefs which have resolved questions in my mind concerning efforts to secure this material without court intervention, as required by Fed.R.Civ.P. 37(a)(2)(B).

After reviewing parties' supplemental briefs on the issue of good faith, I am satisfied that plaintiffs not only initiated but stoked several good faith efforts to work with defendants in paring down their requests, as evidenced even from defendants' supplemental brief.  I also sense a stubbornness on the part of defendants to producing materials even on a limited basis, thus making these conferences, as plaintiffs suggest, an exercise in futility.[1]

---

[1] Plaintiffs also conferred with defendants in an effort to pursue a middle ground of discovery once before serving the reply and twice before filing the motion package.  If plaintiffs did not suggest concrete ways to narrow their request before this, as defendants contend, neither

Defendants have made a threshold showing of the proprietary nature of the requested information. However, plaintiffs have met their burden of showing that the information is necessary and relevant to the action. See Centurion Indus. Inc. v. Warren Steurer and Assoc., 665 F.2d 323, 325 (10th Cir. 1981). Exhibit 1 in plaintiffs' reply (a copy of which plaintiffs made available to defendants before filing the motion to compel) shows specific portions of their allegations which rely on an understanding of certain documents which Peat Marwick has already produced, as well as the relevant requested information which is necessary to forming that understanding. Any potential injury to defendants in disclosing this information is outweighed by plaintiffs' need for discovery. In addition, such potential injury is greatly attenuated, if not entirely eliminated, by the protection afforded in the Confidentiality Order entered in this case,[2] see Master Palletizer Systems, Inc. v. T.S. Ragsdale Co., Inc., 123 F.R.D. 351, 353 (D.Colo. 1988), and also by the fact that the parties are not competitors, cmp. R & D Business Systems v. Xerox Corp. et al., 152 F.R.D. 195 (D.Colo. 1993).

Because of the nature of the requested documents, I see no reason to give plaintiffs the pot of gold along with the brass ring, despite defendants' obdurate refusals to cooperate with plaintiffs in reaching a reasonable middle ground. Defendants shall turn over to plaintiffs all those materials requested as listed under the column marked "Materials On Point With Allegations" in plaintiffs' Exhibit 1 to their Reply Memorandum in Further Support of Plaintiffs' Motion to

---

did defendants, who are required to come to these Rule 37 conferences in equal earnest. Defendants simply stand on ceremony in insisting that plaintiffs' concrete suggestions for compromise were untimely when plaintiffs had approached them previously on the same disputed issues, thus making their willingness to confer an empty offer. See Pltffs' Ex. 6.

[2] See Stipulated Order, July 14, 1995 [#124].

2

Compel Further Production of Documents by Defendant KPMG Peat Marwick, LLP (also marked as Exhibit F in defendants' supplemental brief regarding "meet and confer" negotiations).   Now, Therefore,

**IT IS ORDERED** that plaintiffs' Motion to Compel Further Production of Documents by Defendant KPMG Peat Marwick LLP [248-1] is hereby **granted,** as conditioned and delineated above;

**IT IS FURTHER ORDERED** that on or before November 5, 1997, defendants are to comply with this Order;

**IT IS FINALLY ORDERED** that all material produced pursuant to this Order will be governed and protected by the Confidentiality Order entered in this case.

_____
UNITED STATES MAGISTRATE JUDGE