IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

In re MESA AIRLINES, INC.                       Master File No. 94-0690 JC/WWD
Securities Litigation.

**MEMORANDUM OPINION**

THIS MATTER came on for consideration of Defendant KPMG Peat Marwick's ("KPMG") Motion to Dismiss, filed May 2, 1997 (Docket No. 210). The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities, and finds that oral argument is unnecessary. The Court finds that KPMG's motion is well taken in part and will be granted in part.

**Analysis**[1]

**I. Standard of Review**

A court may not grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) unless it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief. Maez v. Mountain States Tel. & Tel., Inc., 54 F.3d 1488, 1496 (10th Cir. 1995). The Court must accept all well-pleaded allegations as true, id., and indulge all reasonable inferences in favor of the plaintiff. Gagan v. Norton, 35 F.3d 1473, 1474 n.1 (10th Cir.1994) (quoting Williams v. Meese, 926 F.2d 994, 997 (10th Cir.1991)). A complaint may be dismissed only "if the plaintiff can prove no set of facts to support a claim for relief." Jojola v. Chavez, 55 F.3d 488, 490 (10th Cir. 1995); see also Noland v. McAdoo, 39 F.3d 269, 273 (10th Cir.1994).

---

[1] The factual background to this case has previously been set forth in great detail and can be found in this Court's May 31, 1996 Memorandum Opinion.

**II.  Section 11 of the Securities Act of 1933**

Count I of Plaintiffs' Third Consolidated and Amended Complaint asserts a § 11 cause of action against Defendant.  Section 11 is "designed to assure compliance with the disclosure provisions of the [Securities Act of 1933] by imposing a stringent standard of liability on the parties who play a direct role in a registered offering."  Herman & MacLean v. Huddleston, 459 U.S. 375, 381-82 (1983).  Defendant KPMG moves to dismiss the count based on the one- and three-year statute of limitations under § 13 of the Securities Act.  Section 13 provides that "[n]o action shall be maintained to enforce any liability created under [Section 11] . . . unless brought within one year after the discovery of the untrue statement or the omission [in the registration statement] . . . or [in any event] more than three years after the security was bona fide offered to the public[.]"  15 U.S.C. § 77m.

The original class complaint in this case was filed on November 9, 1994.  Count I of the original complaint purported to set out all the § 11 claims.  (Consolidated and Amended Class Action Complaint at 76.)  Count I was "*asserted against Mesa, the Individual Defendants and the Underwriter Defendants*."  Id. at 76.  KPMG was not included in Count I; consequently, Defendants contend that the February 14, 1995 standstill agreement had no tolling effect on the § 11 claim against them.[2]  Plaintiffs counter that the Federal Rules set out a liberal pleading standard, and that a complaint need only set forth a short and plain statement.  Plaintiffs, without citation, argue that "[t]he law is clear that if facts alleged in the complaint support a claim, the plaintiff need not identify the specific statutory basis for that claim."  (Plaintiffs' Response Brief at 37-38.)  Plaintiffs argue that

---

[2] The standstill agreement states that "any statutes of limitations applicable to (a) any claims against Peat Marwick which have been asserted by the named plaintiffs and/or any member of the putative class . . . in the complaint which has been filed in this action . . . shall be tolled from the date of filing of the complaint against Peat Marwick in this Action, until the termination of this Agreement as provided herein."  (Pls.' Resp. Br. at 38.)

the factual allegations in the original complaint give rise to a § 11 claim against KPMG, and that therefore the standstill agreement tolled the § 13 statute of limitations.

The Court is somewhat amused by the fact that Plaintiffs' original complaint was drafted by some of the most reputable firms in the country, and that now, three years later, Plaintiffs want the Court to dig through their original 88-page complaint to infer a § 11 cause of action against Defendant. (Plaintiffs' Third Consolidated and Amended Complaint is 126 pages in length.) Cf. Glenn v. First Nat'l Bank in Grand Junction, 868 F.2d 368, 371-72 (10th Cir.1989). Plaintiffs' original complaint is neither short nor plain. Cf. In re Clearly Canadian Sec. Litig., 875 F. Supp. 1410, 1420 (N.D. Cal. 1995).

Paragraphs 1 through 139 of the original complaint can be analogized to a shotgun blast of alleged wrongful conduct by Defendants. Paragraphs 140 through 181, on the other hand, neatly pull the factual allegations into eight concise counts, all in accordance with Fed. R. Civ. P. 10(b). Each of the eight counts has a caption that highlights the cause of action and clarifies the specific defendants alleged to be in violation. Counts IV, VI, VII and VIII expressly specify that they are causes of action against KPMG. (Count IV: § 10(b) and Rule 10b-5; Count VI: New Mexico Securities Act § 58-13B-30; Count VII: Common Law Fraud; Count VIII: Negligent Misrepresentation.) Since Count I did not identify KPMG as one of the defendants from which relief was sought, KPMG could not have had sufficient notice of the § 11 claim. It was not until Plaintiffs' Third Consolidated and Amended Complaint that a § 11 claim was actually asserted against KPMG. (Third Consolidated and Amended Complaint at 2 n.1.) Indeed, Plaintiffs informed the Court that "[t]he change[] from the Second Consolidated and Amended Complaint [is] the addition

of new claims against KPMG[.]" Id. Consequently, the Court will grant KPMG's motion to dismiss on the § 11 claim based on the statute of limitations.

### III.  Conspiracy under § 10(b) and Rule 10b-5

Defendant KPMG moves to dismiss Plaintiffs' claim of conspiracy brought under § 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5.  Defendant raises factual and legal arguments to support the motion for dismissal.  It is not necessary to address the factual arguments because the Court finds that there is no private right of action for conspiracy under § 10(b) or 10b-5 in the wake of Central Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 191 (1994). See Arena Land & Inv. Co. v. Petty, 906 F. Supp. 1470, 1478 (D. Utah 1994) aff'd, Arena Land & Inv. Co. v. Petty, 69 F.3d 547 (10th Cir. 1995); In re Glenfed, Inc. Sec. Litig., 60 F.3d 591, 592 (9th Cir. 1995) ("The Court's rationale [in Central Bank] precludes a private right of action for 'conspiracy' liability.")  (citing In re Syntex Corp. Sec. Litig., 855 F. Supp. 1086, 1098 (N.D. Cal. 1994)); In re MTC Elec. Tech. Shareholders Litig., 898 F. Supp. 974, 981-82 (E.D.N.Y. 1995) ("In sum, every reason cited by the Supreme Court, in rejecting the implied right of action for aiding and abetting also applies to actions alleging conspiracies."); Van de Velde v. Coopers & Lybrand, 899 F. Supp. 731, 738 (D. Mass. 1995) ("It would be 'beyond logic to maintain that although Central Bank prohibits aiding and abetting liability it permits plaintiffs to maintain the same cause of action by labeling it a conspiracy.'")  (citing In re Ross Sys. Sec. Litig., 1994 WL 583114 (N.D.Cal.1994). Consequently, the Court will dismiss Plaintiffs' conspiracy claim brought under § 10(b) and 10b-5.

**IV.  Primary Liability under § 10(b) and 10b-5**

Defendant KPMG also moves for dismissal as to Counts IV and VI of Plaintiffs' Third Amended Complaint.  Count IV of the Complaint purports to state a cause of action under § 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5.  Count VI brings a similar claim under the New Mexico Securities Act of 1986, N.M.S.A. § 58-13B-30.

To establish liability under § 10(b), Plaintiffs must allege and ultimately prove four things: (1) Defendant made an untrue statement of material fact, or failed to state a material fact; (2) the statement or omission occurred in connection with the purchase or sale of a security; (3) the statement or omission was made with scienter; and, (4) Plaintiff relied on the misrepresentation, and sustained damages as a proximate result of the misrepresentation.  Anixter v. Home-Stake Prod. Co., 77 F.3d 1215, 1225 (10th Cir. 1996) (citing Farlow v. Peat, Marwick, Mitchell & Co., 956 F.2d 982, 986 (10th Cir. 1992)).  At this juncture, KPMG has directed the entirety of its argument to the third issue of scienter.  (Defendant rambles on for thirteen pages in its Memorandum and six pages in its Reply Memorandum making essentially the same argument, over and over again.)

In a nutshell, KPMG's argument is that Plaintiffs have not sufficiently plead scienter and therefore have not stated a § 10(b) or 10b-5 cause of action.  Defendant argues that the heightened standard for pleading scienter under the 1995 Private Securities Litigation Reform Act ("PSLRA") applies to Plaintiffs' action.  See 15 U.S.C. § 78u-4(b)(2).  Defendant alternatively argues that even if the Reform Act does not apply, the Class has still failed to plead scienter with the requisite particularity.  Plaintiffs counter that the PSLRA does not apply because this action was commenced on November 4, 1994--the date the original complaint was filed.  Plaintiffs contend that the standstill

agreement does not alter the commencement date for PSLRA consideration. Plaintiffs also argue that Federal Rule of Civil Procedure 15(c) supports the nonapplicability of the PSLRA.

Under § 108 of the PSLRA, "[t]he amendments made by [the Act] shall not affect or apply to any private action arising under title I of the Securities Exchange Act of 1934 . . . commenced before and pending on" December 22, 1995. 15 U.S.C. § 77l notes (Effective dates). The stipulated "standstill agreement" in this case was executed on February 14, 1995. The Court, subsequently, per the parties' stipulation, dismissed KPMG without prejudice. Consequently, "[t]he Court finds that this case was still pending before the Court on December 22, 1995, because its order dismissing the case . . . was not final." Edge Partners v. Dockser, 944 F. Supp. 438, 441 (D.Md. 1996) (citing 15A C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3914.1, at 494-95 (2d ed. 1992)) (holding PSLRA not applicable where court had dismissed the initial complaint with leave to amend). Cf. McKowan Lowe & Co., Ltd. v. Jasmine, Ltd., Civ. No. 94-5522, 1997 WL 557560, at *2-*3 (D. N.J. Aug. 29, 1997) (PSLRA applied where tolling agreement entered **before** filing of complaint).

This Court has already laid out the pre-PSLRA pleading requirement for scienter in securities fraud cases. (See Memorandum Opinion in this case dated May 31, 1996 at 11.) Prior to the PSLRA, Rule 9(b) governed the pleading of scienter in securities fraud cases. Under Rule 9(b), "Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Consequently, Plaintiffs never had to plead scienter with particularity in this case. General allegations suffice. (Id.)

-6-

Plaintiffs have sufficiently plead scienter in this case.[3] Plaintiffs averred that KPMG examined and certified Mesa's year-end financial statements for 1992, 1993 and 1994 (Third Amended Complaint ¶ 129), and represented the accuracy of the financial information contained in Mesa's S-3 Registration Statement and final Prospectus issued in connection with Mesa's June 10, 1993 stock offering. (Id.) More importantly, Plaintiffs averred that KPMG knew that their representations were false. Consequently, Defendant's Motion to Dismiss will be denied as to Counts IV and VI.[4]

DATED this 22nd day of December, 1997.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[3] Plaintiffs have also sufficiently plead scienter under the "strong inference" standard. Plaintiffs have alleged facts showing that Defendant had the motive and opportunity to commit fraud, as well as facts constituting strong circumstantial evidence of conscious misbehavior or recklessness. (See Plts.' Third Amended Complaint ¶ 23, 129-199.)

[4] The Court will dismiss Count VI in part. N.M.S.A. § 58-13B-40 was amended in 1993 to provide liability "in connection with the offer or sale of a security." Consequently, Defendant is only potentially liable for conduct occurring after the June 18, 1993 effective date.

Counsel for Plaintiffs:    David A. Freedman
                           Freedman, Boyd, Daniels, Hollander,
                             Guttman & Goldberg, PA.
                           Albuquerque, New Mexico

                           Jordan L. Lurie
                           Weiss & Yourman
                           Los Angeles, California

Counsel for KPMG:          James J. Widland
                           Kent & Widland
                           Albuquerque, New Mexico

                           Richard W. Casey
                           Giauque, Crockett, Bendinger & Peterson
                           Salt Lake City, Utah

                           KPMG Peat Marwick LLP
                           John A. Shutkin
                           Deputy General Counsel
                           New York, New York