IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

In re MESA AIRLINES, INC.                    Master File No. 94-0690 JC/WWD
Securities Litigation.

_____

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of the Mesa Defendants' Motion to Decertify the Picard Plan as a Class Representative, and to Decertify the Class as to § 11 and § 12(2) Claims (Docket No. 217). This motion has been joined by the Underwriter Defendants, KPMG Peat Marwick and Defendant Jonathan Ornstein. The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities and finds that oral argument is unnecessary. The Court further finds that the motion is not well taken and will be denied.

**Analysis**[1]

Federal Rule of Civil Procedure 23 guides this Court in the maintenance of class action lawsuits before it. See Fed. R. Civ. P. 23. The Court can decertify a class or class representative if it determines the dictates of Rule 23 are no longer satisfied. See Fed. R. Civ. P. 23(c)(1); Miera v. First Security Bank of Utah, N.A., 925 F.2d 1237, 1242 (10th Cir. 1991); Cook v. Rockwell Int'l Corp., 151 F.R.D. 378, 385 (D. Colo. 1993).

Defendants move the Court to decertify the Picard Plan ("the Plan") as a class representative for two reasons. First, Defendants contend the Plan's status as an employee benefit plan prevents it

---

[1] The factual background to this case has previously been set forth in great detail and can be found in this Court's May 31, 1996 Memorandum Opinion.

from acting as a class representative under ERISA (29 U.S.C. § 1104(1)).  Defendants argue that by acting as a class representative, the Plan would have to assume fiduciary duties for others outside the Plan--something Defendants argue runs counter to the express language of ERISA.[2]  Second, Defendants contend the Picard Plan's entry into the lawsuit was illegitimate and improper.  Defendants argue Mr. Thomas Blash lacked the capacity to sue on behalf of the Plan, and that there was no consent or awareness by the Plan's participants to the filing of the lawsuit.

The Court is unpersuaded by both of Defendants' arguments.  Numerous courts have indicated employee benefit plans can act as class representatives when certain precautions are taken.  See Landy v. Amsterdam, 96 F.R.D. 19, 20-21 (E.D.Pa. 1982) ("Plan may act as a class representative so long as plan assets are not used to finance litigation which benefits parties who are not plan participants or beneficiaries.") (citing In re Miscellaneous Sec. Litig. Involving Westinghouse Electric Corp., 25 F. R. Serv.2d 733, 736 (E.D.N.Y. 1978) and Norman v. Arcs Equities Corp., 72 F.R.D. 502 (S.D.N.Y. 1976)); In re IGI Sec. Litig., 122 F.R.D. 451, 459 (D.N.J. 1988) (citing Landy and requiring a litany of prerequisites before an employee benefit plan can be certified); Capri Optics Profit Sharing v. Digital Equip. Corp., Civ. A. No. 88-1295-Y, 1989 WL 159602, at *2 (D. Mass. Apr. 20, 1989) (authorizing certification where trustee agreed to assume responsibility for costs and expenses of litigation).  Cf. Elliott J. Weiss & John S. Beckerman, Let the Money Do the Monitoring: How Institutional Investors Can Reduce Agency Costs In Securities Class Actions, 104 YALE L.J.

---

[2] "[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and--(A) for the exclusive purpose of:  (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan. . . ."  29 U.S.C. § 1104(1).

2053, 2118 n.316 (1995) ("Any apparent conflict between an institution's fiduciary duties to its beneficiaries and a class representative's fiduciary duties to class members is illusory. . . .").[3]

In this case, the necessary precautions have been taken. Mr. Timothy Blash, as trustee of the Plan, has agreed to personally assume all costs and expenses of the case; none of the Plan's assets will be used to finance this litigation. (Pls.' Mem. in Opp. Ex. 1.) Additionally, the beneficiaries, participants, and trustees of the Plan have all consented to the lawsuit. Id. This fact undermines Defendants' ultra vires argument. See In re Pizza Time Theatre Sec. Litig, 112 F.R.D. 15, 22 (N.D. Cal. 1986). The trustees' consent precludes a determination of whether Mr. Thomas Blash was technically authorized to commence this lawsuit under Article 19 of the Plan's provisions. Consequently, the Court finds the Plan to be a suitable class representative--all Rule 23 requirements are still satisfied. Defendants' Motion to Decertify the Picard Plan as a Class Representative, and to Decertify the Class as to § 11 and § 12(2) Claims will be denied.

Wherefore,

IT IS HEREBY ORDERED that Defendants' Motion to Decertify the Picard Plan as a Class Representative, and to Decertify the Class as to § 11 and § 12(2) Claims is **denied**. The parties are admonished to eliminate rhetorical and ad hominem arguments from future briefings to the Court.

DATED this 14th day of January, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[3] The Court does not believe these cases were decided without the assistance of attentive advocacy. (Defs.' Reply Brief at 7.)

| | |
|---|---|
| Counsel for Plaintiffs: | David A. Freedman<br>Freedman, Boyd, Daniels, Hollander,<br> Guttman & Goldberg, P. A.<br>Albuquerque, New Mexico<br><br>Jordan L. Lurie<br>Weiss & Yourman<br>Los Angeles, California |
| Counsel for Defendants: | John M. Eaves & John G. Baugh<br>Eaves, Bardacke & Baugh<br>Albuquerque, New Mexico<br><br>John M. Newman, Jr. & Louis W. Hensler, III<br>Jones, Day, Reavis & Pogue<br>Cleveland, Ohio |