**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| In re MESA AIRLINES, INC.<br>Securities Litigation | Master File No. 94-0690 JC/WWD |

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of the Mesa Defendants' Motion to Strike or Dismiss Portions of Plaintiffs' Third Amended Complaint (Docket No. 223). The Court has reviewed the motion, the memoranda submitted by the parties, the relevant authorities, and heard oral argument on February 23, 1998. The Court finds that the motion is well taken in part, and will be **granted in part**.

**Analysis**

This pre-summary judgment round of the Mesa litigation deals predominantly with how Plaintiffs' Third Consolidated and Amended Complaint complies with my previous Opinion and Order issued May 31, 1996. Defendants move to strike or dismiss large portions of Plaintiffs' complaint. Defendants also move for dismissal of Plaintiffs' British Aerospace ("BAe") rent reduction allegations, which were added in the Third Amended Complaint.

**1.  Allegations pertaining to "growth by acquisition"
    and failure to disclose mismanagement**.

Plaintiffs have acknowledged that there is no separate actionable claim under 10(b) for the "growth by acquisition" or "mismanagement" allegations. See Pls.' Resp. Br. at 3, 6. I do not

foresee these allegations sidetracking or confusing the lawsuit. These allegations may in fact be pertinent to other facets of the lawsuit and can be better dealt with on summary judgment, or at trial. Therefore, I will allow these allegations to remain. I will, however, strike paragraph 104(e) because Plaintiffs concede it should have been stricken in the Third Amended Complaint. Pls.' Resp. Br. at 3.

**2.     Allegations relating to statements by securities analysts**.

I find that Plaintiffs have now sufficiently pled their allegations involving the securities analysts' reports. It is apparent that discovery has assisted Plaintiffs in this regard. I have furthermore become somewhat skeptical as to whether securities analysts will actually reveal their sources without legal compulsion.

Plaintiffs' additions to paragraphs 37(a) through (I), as well as several minor additions to some of the specific report paragraphs, satisfy the entanglement requirement. Although some of the individual paragraphs may not satisfy the entanglement requirement standing alone, when these paragraphs are taken as a whole with paragraphs 34 through 39--and with the recurring allegation that Defendants reviewed and approved (i.e., ratified) the various reports--the entanglement requirement is satisfied. Plaintiffs have identified the specific insiders in paragraphs 72, 77, 93, 95, 98, and 101. The insiders in paragraphs 76 and 82 can be implied from paragraph 37. The specific forecasts can also be implied from paragraph 37 and the bodies of the alleged reports.

**3.     Offeror/seller under § 12(2) and § 58-13B-40.**

I will deny Defendants' motion to dismiss the § 12(2) claims against the Underwriter Defendants and Mesa. I find that the Picard Plaintiffs have repled their claim against the Underwriters with the requisite specificity. See Third Amended Complaint at paragraph 210. Defendants offered no support for dismissal on this part of the claim. I also find the allegations surrounding the Mesa

offering materials to be sufficient to survive a motion to dismiss.  See Gustafson v. Allyod Co., Inc., 513 U.S. 561, 574 (1995) ("[T]he term prospectus refers to a document soliciting the public to acquire securities."); In re Proxima Corp. Sec. Litig., 1994 WL 374306, at *5 (S.D. Cal. May 3, 1994) ("[S]ince the Prospectus itself is a solicitation document, those individual defendants who signed the Registration Statement (all the directors) effectively were soliciting the public. . . ."); Picard Chemical Inc. Profit Sharing Plan v. Perrigo Co., 940 F. Supp. 1101, 1133 (W.D. Mich. 1996); In re Keegan Management Co. Sec. Litig., 1991 WL 253003, at *7-8 (N.D. Cal. Sept. 10, 1991) ("To one who studies corporate filings and news releases before purchasing via a dealer on an impersonal and anonymous market, the corporation, its officers and directors, and other promoters of the stock appear to be the true 'sellers.'  Thus, it reasonable to infer that Congress intended Section 12(2) to apply to persons such as defendants.")  One need look no further than the plain language of the Prospectus for support of this decision.  The Prospectus clearly states that "[a]ll of the shares of Common Stock of Mesa Airlines, Inc. . . . (the 'Company') offered hereby are being sold by the company."  But see Shaw v. Digital Equip. Corp., 82 F.3d 1194,1214-16 (1st Cir. 1996). Although the underwriters may have passed title to the stock, the stock was being offered by Mesa. Defendants' Motion to Dismiss the § 58-13B-40 claim also fails under the same rationale.  The June 18, 1993 effective date of amendments to § 58-13B-40 has no bearing on this claim.

**4.    BAe rent reduction allegations**.

I feel the issue of whether Plaintiffs have pled "loss causation" with respect to the BAe rent reductions can be better dealt with on summary judgment.  I am not inclined to consider a Fourth Amended Complaint--or the associated briefs.  The parties have spent enough time at the pleading stage.  It is time to get on to the evidence.

Wherefore,

IT IS HEREBY ORDERED that Defendants' Motion to Strike or Dismiss Portions of Plaintiffs' Third Amended Complaint is **granted in part**. Paragraph 104(e) of the Third Amended Complaint is hereby stricken. In all other respects, the motion is **denied**.

DATED this 2nd day of March, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiffs: | David A. Freedman<br>Freedman, Boyd, Daniels, Hollander,<br> Guttmann & Goldberg<br>Albuquerque, New Mexico |
| | Jordan L. Lurie<br>Weiss & Yourman<br>Los Angeles, California |
| Counsel for Mesa Defendants: | John M. Eaves & John G. Baugh<br>Eaves, Bardacke & Baugh<br>Albuquerque, New Mexico |
| | John M. Newman, Jr. & Louis W. Hensler, III<br>Jones, Day, Reavis & Pogue<br>Cleveland, Ohio |